IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 5:24-CR-50016-002 |
| | ) | |
| EMILY GRACE BRINLEY | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this Agreement. The agreement of the parties is as follows:

### PLEA OF GUILTY TO INDICTMENT

1. The Defendant, **EMILY GRACE BRINLEY**, hereby agrees to plead guilty to Count One of the Indictment charging the Defendant with Attempted Enticement of a Minor to Engage in Sexual Activity, Aiding and Abetting, in violation of 18 United States Code, Sections 2 and 2422(b).

### CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE

2. The Defendant acknowledges that she has been advised and understands that she has a right to have a United States District Judge presiding when she enters a guilty plea and that she can exercise that right without concern or reservation. The Defendant and the United States hereby consent to have the proceedings required by Rule 11 of the Federal Rules of Criminal Procedure incident to the making of the plea to be conducted by the United States Magistrate Judge. If, after conducting such proceedings, the Magistrate Judge recommends that the pleas of guilty be accepted, a presentence investigation and report will be ordered pursuant to Federal Rule

of Criminal Procedure 32. The Defendant acknowledges that her plea of guilty is subject to approval and acceptance by the District Judge and that sentencing will be conducted by the District Judge.

## WAIVER OF OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

3. The parties acknowledge that pursuant to 28 U.S.C. § 636(b)(1)(B), the failure to file objections to the Report and Recommendation within fourteen (14) days bars them from objecting to the District Court's acceptance of the guilty plea as recommended by the Magistrate Judge. Having been advised of the right to object to the Report and Recommendation, the parties wish to waive that right for the purpose of expediting acceptance of the guilty plea in this matter. Accordingly, evidenced by their signatures appearing below, the parties hereby waive the right to object to the Magistrate Judge's Report and Recommendation Concerning Plea of Guilty, and consent to acceptance of the same by the United States District Judge so that acceptance of the guilty plea may proceed forthwith.

## ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

4. The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crime to which the Defendant is pleading guilty. The Defendant has committed each of the elements of the crime to which the Defendant is pleading guilty, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

    a. In November of 2023, investigators with the Benton County Sheriff's Office began an undercover online investigation into individuals using the internet to solicit minors for sexual activity. During the operation, an undercover law enforcement officer (UCO) adopted an online persona of the mother of two (2) daughters, nine (9) and four (4) years of age, respectively, and entered the chat-based sexual social media website. On

November 19, 2023, Benjamin Coney, utilizing the screen name centralsfinest, sent a message through the social media site to the UCO asking if the UCO had any daughters and explaining that he was "into some very fucked up sick taboos." The UCO responded that Coney should watch himself, so he doesn't get banned from the social media site. Coney then asked the UCO if she had wire or telegram and recommended, they move their communication to one of those encrypted messaging applications because "it'd be easy to talk to you there and we can talk about all of your naughtiest most taboo fantasies." Through further communication and investigation, investigators determined that "centralsfinest" was determined to be a married couple from Conway, Arkansas, later identified as Benjamin Coney and Emily Grace BRINLEY.

b. On November 27, 2023, Coney and Brinley discussed specific details of performing sexual activities with the purported 9-year-old and 4-year-old girls.

c. Referencing the two children, Coney asked the UCO, "Maybe you and my wife can suck my cock while I finger her. Maybe even teach her to suck my cock I'd love to finger her and see her little naked body. I bet she tastes so sweet too." Coney then asked for a photograph of the daughter. The UCO sent an undercover photograph with a ten second timer that deletes off both party's cell phones after ten seconds. For verification, the UCO requested a photograph of the couple with the nine-year-old daughter's name written on it. The verification photo sent by the couple to the UCO depicted the couple with BRINLEY'S breast exposed and the child's name written on it. Coney requested that they be able to travel that day to meet with the UCO and her daughters. The UCO agreed and asked Coney if he had any lubricant to which he replied, "I don't but I can get some. You want me to try fucking her little pussy?"

d. The UCO recorded a phone call with both Coney and BRINLEY. Coney described specific sexual activities he could do with the purported 9-year-old and 4-year-old girls as well as BRINLEY. The UCO asked BRINLEY what she wanted to do. BRINLEY said "I would like to give her head and get head from her. And fingers. I'm pretty tiny so I have really small fingers so I don't think I would hurt her." The UCO asked if the couple had any sexually transmitted diseases. BRINLEY denied and provided that she had just had a check-up, so she is clean. BRINLEY asked the UCO, "Do you have any tips on how to initiate because we have never gotten to do that?" Both Coney and BRINLEY asked the UCO how to initiate physical contact with the purported daughter. The UCO explained that the purported daughter had never had an orgasm and BRINLEY replied, "Well I'll bring my wand and maybe she will have one." BRINLEY also told the UCO that the couple hoped to have a daughter so the couple could have the same kind of relationship that the UCO had with her purported daughters. The UCO asked what they would do if they had a son and BRINLEY said, "umm probably nothing like that, to be honest." Coney said, "with a daughter definitely."

e. Throughout the chats, Coney and BRINLEY arranged to travel from Conway, Arkansas, to Bentonville, Arkansas, with the purpose of engaging in sexual activity, including but not limited to the types described herein, with the minors that would constitute Sexual Assault in the Second Degree under Arkansas law, a criminal offense for which Coney and BRINLEY could be charged. On November 27, 2023, Coney while being aided and abetted by BRINLEY, drove from Conway, Arkansas, to a prearranged location in Bentonville, Arkansas, which Coney, and BRINLEY understood to be the residence of the two minor girls. When they arrived at the purported residence, they were

encountered by law enforcement, and thereafter, officers located two sexual aids matching that which was previously discussed in the communications, as well as the lubricant with a receipt for its purchase that same date, in their vehicle. During a post-Miranda interview, BRINLEY admitted to just going along with Coney repeating things she heard Coney say and admitted to bringing a wand to help one of the girls have an orgasm. BRINLEY admitted to stopping at the store on the way to Bentonville and purchasing a bottle of personal lubricant. BRINLEY said, "She just wanted to make her husband happy and be a good wife."

    f.    The Defendant, Emily Grace BRINLEY, while being aided and abetted by Coney, stipulates and agrees that on or between November 19 and November 27, 2023, in the Western District of Arkansas, Fayetteville Division, she used a cellular phone connected to the Internet to persuade, induce and entice an individual whom she believed had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense, namely Arkansas Code Annotated Section 5-14-125, Sexual Assault in the Second Degree.

## ADVICE OF RIGHTS

5.    The Defendant hereby acknowledges that she has been advised of and fully understands the following constitutional and statutory rights:

    a.    to have an attorney and if the Defendant cannot afford an attorney, to have one provided to her and paid for at the United States' expense;
    b.    to persist in her plea of not guilty;
    c.    to have a speedy and public trial by jury;
    d.    to be presumed innocent until proven guilty beyond a reasonable doubt;
    e.    to confront and examine witnesses who testify against her;
    f.    to call witnesses on her behalf;
    g.    to choose to testify or not testify and that no one could force the Defendant to testify; and,
    h.    to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

6. The Defendant hereby acknowledges that she understands with respect to the count to which she pleads guilty, he thereby WAIVES all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

7. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

8. The Defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

9. The Defendant agrees that if after signing this Plea Agreement the Defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the Defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, or if the Defendant violates any term of this Plea Agreement, takes a position at sentencing which is contrary to the terms of this Plea Agreement or attempts to withdraw from this Plea Agreement, this shall constitute a breach of this Plea Agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this agreement and the United States shall be free to

reinstate dismissed charges or pursue additional charges against the Defendant. The Defendant shall, however, remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the Court.

10. The Defendant further agrees that a breach of any provisions of this Plea Agreement shall operate as a WAIVER of Defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and the United States shall be allowed to use and to introduce into evidence any one or more of the following:

   a. admissions against interest, both oral and written, made by the Defendant to any person;
   b. statements made by the Defendant during her change of plea hearing;
   c. the factual basis set forth in the Plea Agreement;
   d. any testimony given under oath in these proceedings or to a grand jury or a petit jury;
   e. any and all physical evidence of any kind which the Defendant has provided to the United States; and,
   f. any and all information provided by the Defendant to the United States' attorneys, or to federal, state, county, and/or local law enforcement officers.

## MAXIMUM PENALTIES

11. The Defendant hereby acknowledges that she has been advised of the maximum penalties for the count to which she is pleading guilty. By entering a plea of guilty to Count One of the Indictment, the Defendant agrees that she faces:

**Count One – Attempted Enticement of a Minor to Engage in Sexually Explicit Conduct**

   a. a maximum term of imprisonment for LIFE;
   b. a mandatory minimum term of imprisonment for 10 years;
   c. a maximum fine of $250,000.00;
   d. both imprisonment and fine;
   e. a term of supervised release for not less than five (5) years and not more than life which begins after release from prison;
   f. a possibility of going back to prison if the Defendant violates the conditions of supervised release;
   g. a special assessment of $100.00; and
   h. an additional special assessment of $5,000 pursuant to 18 U.S.C. §3014.

# CONDITIONS OF SUPERVISED RELEASE

12. The Defendant acknowledges that if a term of supervised release is imposed as part of the sentence, the Defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the Court. The standard conditions of supervised release are as follows:

   a. The Defendant shall report to the probation office in the federal judicial district where she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the Defendant to report to a different probation office or within a different timeframe.
   b. After initially reporting to the probation office, the Defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the Defendant shall report to the probation officer as instructed.
   c. The Defendant shall not knowingly leave the federal judicial district where she is authorized to reside without first getting permission from the court or the probation officer.
   d. The Defendant shall answer truthfully the questions asked by the probation officer.
   e. The Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where he lives or anything about his living arrangements (such as the people the Defendant lives with), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
   f. The Defendant shall allow the probation officer to visit the Defendant at any time at his home or elsewhere, and the Defendant shall permit the probation officer to take any items prohibited by the conditions of the Defendant's supervision that he or she observes in plain view.
   g. The Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the Defendant does not have full-time employment he shall try to find full- time employment, unless the probation officer excuses the defendant from doing so. If the Defendant plans to change where the Defendant works or anything about his work (such as the position or the job responsibilities), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

h. The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
i. If the Defendant is arrested or questioned by a law enforcement officer, the Defendant shall notify the probation officer within 72 hours.
j. The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or Tasers).
k. The Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
l. If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require the Defendant to notify the person about the risk and the Defendant shall comply with that instruction. The probation officer may contact the person and confirm that the Defendant has notified the person about the risk.
m. The Defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## DEFENDANT'S ACKNOWLEDGMENT OF REQUIREMENT TO REGISTER AS A SEX OFFENDER

13. I, Emily Grace Brinley, understand and acknowledge that I have been advised and understand that under the Sex Offender Registration and Notification Act, Title 34, United States Code, Section 20911, et seq., I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or student, among other information. I further understand that the requirement to keep the registration current includes informing the jurisdiction where I reside, am employed or attend school no later than three business days after any change of my name, residence, employment or student status. I have been advised and understand that failure to comply with these obligations subjects me to prosecution for failure to register under federal law in violation of Title 18, United States Code,

Section 2250, which is punishable by a fine or imprisonment or both.

## PAYMENT OF MONETARY PENALTIES

14. The Defendant agrees that monetary penalties to include special assessments, fine, and/or restitution imposed by the Court will be (i) subject to immediate enforcement as provided in 18 U.S.C. § 3613c, and (ii), submitted to the Treasury Offset Program so that any federal payment such as an income tax refund or transfer of returned property the defendant receives may be offset and applied to federal debt without affecting the periodic payment schedule ordered by the Court.

## NO OTHER CHARGES

15. The United States agrees that no other federal charges, which stem from the activities described in the Indictment, will be brought against the Defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

16. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the Defendant to any sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

17. The Defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The Defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. Further, the Defendant acknowledges that the actual range may be greater

than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the Defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

18. At the sentencing hearing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the Defendant's background, character and conduct, including the conduct that is the subject of this investigation for which she has not been charged up to the date of this Agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

19. In the event that it is determined that the Defendant has not been truthful with the Court as to any statements made while under oath, this Plea Agreement shall not be construed to protect the Defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE UNITED STATES

20. The United States agrees not to object to a recommendation by the Probation Office or a ruling of the Court which awards the Defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the Court accepts a recommendation in the Presentence Report that the Defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the United States will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if the Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following a) falsely denies, or

makes a statement materially inconsistent with, the factual basis set forth in this agreement, b) falsely denies additional relevant conduct in the offense, c) is untruthful with the United States, the Court or probation officer, or d) materially breaches this Plea Agreement in any way.

### UNITED STATES' RESERVATION OF RIGHTS

21. Although the United States agrees not to object to certain findings by the Probation Office or to rulings of the Court, it reserves the right to:

   a. make all facts known to the Probation Office and to the Court;
   b. call witnesses and introduce evidence in support of the Presentence Report;
   c. contest and appeal any finding of fact or application of the Sentencing Guidelines;
   d. contest and appeal any departure from the appropriate Guideline range; and,
   e. defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the United States in this Plea Agreement which are favorable to the Defendant.

### NO RIGHT TO WITHDRAW THE GUILTY PLEA

22. The United States' concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the Defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the Defendant acknowledges that there is no right to withdraw the guilty plea.

### AGREEMENT NOT BINDING ON THE COURT

24. The parties agree that nothing in this Agreement binds the District Court to:

   a. make any specific finding of fact;
   b. make any particular application of the Sentencing Guidelines;
   c. hand down any specific sentence;
   d. accept any stipulation of the parties as contained in this Plea Agreement; and,
   e. accept this Plea Agreement.

23. The United States and the Defendant acknowledge that the Court has an obligation

to review the Presentence Report before it accepts or rejects this Plea Agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

26.    The parties agree that this Plea Agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

27.    The Defendant agrees to pay $100.00 as the special assessment in this case.

## ADDITIONAL SPECIAL ASSESSMENT

28.    The Defendant agrees to pay an additional special assessment of $5,000 for the count of conviction as it involves a violation of Title 18, United States Code, Section 2422, unless the court finds that the Defendant is indigent.

## REPRESENTATIONS BY DEFENDANT

29.    By signing this Plea Agreement, the Defendant acknowledges that:

    a.    The Defendant has read this Agreement (or has had this Agreement read to him) and has carefully reviewed every part of it with defense counsel.
    b.    The Defendant fully understands this Plea Agreement and is not under the influence of anything that could impede the Defendant's ability to fully understand this Plea Agreement.
    c.    No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.
    d.    The Defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.
    e.    The Defendant has entered into this Plea Agreement freely, voluntarily, and without reservation and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

30. By signing this Plea Agreement, counsel for the Defendant acknowledges that:

   a. Counsel has carefully reviewed every part of this Agreement with the Defendant and this Agreement accurately and completely sets forth the entire agreement between the United States and the Defendant.
   b. Counsel has explained the ramifications of the Plea Agreement to the Defendant, and believes that the Defendant understands this Plea Agreement, what rights are being lost by pleading guilty, and what the United States has agreed to do in exchange for the plea of guilty.
   c. Counsel believes that the Defendant's decision to enter into this Agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

31. The Defendant and her attorney both acknowledge that this Plea Agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the Defendant to change her plea to guilty.

Dated this 15th day of July, 2024.

_____
Emily Grace Brinley
Defendant

_____
Ken Osborne
Attorney for Defendant

DAVID CLAY FOWLKES
UNITED STATES ATTORNEY

By: _____
for: Tyler Williams
Assistant U.S. Attorney